IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| USA TRUCK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 3:05-CV-334 |
| | ) | (Phillips/Guyton) |
| FREIGHTLINER OF KNOXVILLE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The plaintiff has sued the defendant in this Court based on breach of bailment, and the defendant has filed a motion for summary judgment and motion to dismiss [Doc. 16]. Defendant argues that plaintiff's claim for punitive damages is meritless and that the remainder of plaintiff's action must be dismissed for lack of subject matter jurisdiction for failure to meet the required amount in controversy for diversity actions. The plaintiff has filed a response in opposition, and the defendant has replied. For the reasons that follow, defendant's motion [Doc. 16] is **DENIED**.

I.  **Summary of the Facts**

The Court merely provides an abridged summary of facts for the purposes of this opinion. On or about June 11, 2004, plaintiff, USA Truck, Inc. ("USA Truck"), contracted with defendant, Freightliner of Knoxville, Inc. ("Freightliner"), to perform repair work on a 2002 Freightliner tractor owned by USA Truck. While at the Freightliner facility for repairs, Freightliner disconnected the

1

trailer from the tractor and placed the trailer in an unsecured area referred to as the "pad." The tractor was taken by a Freightliner employee to a secured storage area to await repairs. It appears that sometime between 11 p.m. on Friday, June 11, 2004, and 10 a.m. on Saturday, June 12, 2004, USA Truck's trailer, along with all of the cargo inside the trailer, was stolen from Freightliner's facility. The plaintiff's trailer was ultimately recovered wrecked and abandoned outside of Detroit, Michigan, approximately seven (7) days later. The trailer was totaled, and the cargo claim was paid by USA Truck to Gerber Products Company.

Shortly thereafter, plaintiff filed suit based on breach of bailment alleging damages in excess of seventy-five thousand dollars ($75,000.00). During the course of discovery, plaintiff provided an outline of damages in its responses to defendant's interrogatories. Indeed, plaintiff's damages claims are specifically described as follows:

1. Stolen Cargo in the amount of $59,454.50;
2. Recovery fees in the amount of $515.00;
3. Lost Revenue in the amount of $866.26 (refunded to client);
4. Lost Revenue for 7 days in the amount of $847.00; and
5. Punitive Damages in the amount of $100,000.00.

The total of claimed damages is $161,682.76. The total amount of damages claimed without inclusion of a punitive damages claim is $61,682.76.

In its summary judgment motion, defendant claims that the only alleged improper actions of Freightliner involve a failure to secure the subject trailer parked on its property. Defendant argues that even if these facts are viewed in the light most favorable to the plaintiff, Freightliner could only be liable for simple negligence and that punitive damages would not be awarded. Moreover, based upon a calculation of damages excluding any punitive award, the defendant also

argues that the Court lacks subject matter jurisdiction to hear the matter in that the jurisdictional amount in controversy is below $75,000.00.

In response, plaintiff points to undisputed evidence that in the years and months leading up to and following the subject incident, defendant had other tractors/trailers stolen from its premises. In fact, between October of 2003 and March of 2006 (approximately two and one half years), there were ten reported incidents where property was stolen from defendant's premises. Plaintiff argues: 1) at a minimum, there is an issue of genuine fact as to whether the instances of theft legally constitutes a *prima facie* showing of either intentional, fraudulent, malicious, or reckless conduct by the defendant to support an award punitive damages, and 2) jurisdiction is not precluded.

## II.     Law Applicable to Rule 56 of the Federal Rules of Civil Procedure

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment will be granted by a court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. A court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris v. Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir.1997); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987).

Once the moving party presents evidence sufficient to support a motion under Rule 56 of the Federal Rules of Civil Procedure, the nonmoving party is not entitled to a trial simply on the

basis of allegations. The non-moving party is required to come forward with some significant probative evidence, which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir.1996).[1]

### III. Motion for Summary Judgment as to Plaintiff's Punitive Damages Claim and Applicable Law

The Court analyzes defendant's actions in accordance with the well-established principles of punitive damages in *Hodges v. S.C. Toof & Co.,* 833 S.W.2d 896, 901 (Tenn. 1992). In *Hodge*, the Tennessee Supreme Court instructed that a court may henceforth award punitive damages only if it finds a defendant has acted either (1) intentionally, (2) fraudulently, (3) maliciously, or (4) recklessly. *Id.*

> A person acts intentionally when it is the person's conscious objective or desire to engage in the conduct or cause the result. A person acts fraudulently when (1) the person intentionally misrepresents an existing, material fact or produces a false impression, in order to mislead another or to obtain an undue advantage, and (2) another is injured because of reasonable reliance upon that representation. A person acts maliciously

---

[1] While styling the motion as one for dismissal and summary judgment, in its memorandum in support of the motion, the defendant argues only from the summary judgment point of view. In response, plaintiff opposes it as if it were a summary judgment motion. The Court notes that Fed.R.Civ.P. 12(b) requires the Court to treat the motion to dismiss under Fed.R.Civ.P. 12(b)(6) as a motion for summary judgment if matters outside of the pleadings are presented to and not excluded by the Court. The Court will therefore consider the motion to dismiss plaintiff's punitive damages claim as only one for summary judgment.

Further, the Court notes defendant's argument regarding the Court's lack of jurisdiction over the subject matter, as set forth in Fed.R.Civ.P 12(b)(1), which is in connection to the amount in controversy.

> when the person is motivated by ill will, hatred, or personal spite. A person acts recklessly when the person is aware of, but consciously disregards, a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances.

*Id.* (*citations omitted*). A plaintiff must prove that the defendant acted either intentionally, fraudulently, maliciously, or recklessly by clear and convincing evidence. *Id.* "Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Id.* at n.3.

Given the *Hodges* standard and considering the facts in the light most favorable to the plaintiff, a jury could find that Freightliner, at a minimum, acted recklessly. Generally, "[i]t is established law that an award of punitive damages lies within the discretion of the trier of facts." *Whittington v. Grand Valley Lakes, Inc.,* 547 S.W.2d 241,243 (Tenn.1977). Given the evidence submitted by the plaintiff, a jury could reasonably find that Freightliner operated its facility without proper security sufficient to prevent and/or significantly reduce theft of its customer's property, all the time knowing that its security of customer's property on the premises was a problem but refusing to take action.

The Court acknowledges that defendant Freightliner has taken steps to secure the property of its customers;[2] however, a jury could find that while some steps were taken, Freightliner, on a whole, did not take the steps necessary to provide sufficient security. The Court cannot rule, as a matter of law, that the plaintiff is foreclosed from raising the issue of punitive damages at trial.

---

[2]In defendant's reply brief, defendant states that, prior to the incident at bar, Freightliner had installed fencing around the pad and lighting throughout the area. Security measures for its main premises include locked gates, 24 hour surveilence cameras, a security recording system, and the physical presence of employees on duty at all times, 24 hours a day.

5

The allegations in the complaint, taken in the light most favorable to the plaintiff, could support a claim for punitive damages.

### IV. Amount in Controversy Requirement

Under 28 U.S.C. §1332, for actions based in diversity of citizenship, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000...." Where a plaintiff does not meet this amount in controversy requirement in an action brought under diversity jurisdiction, a district court will not have subject matter jurisdiction, and in such instances, a district court must dismiss the action. *See Wood v. Stark Tri-County Bldg. Trades Council*, 473 F.2d 272 (6th Cir. 1973).

The United Supreme Court has explained that the rule governing dismissal for want of jurisdiction in cases brought in federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. *Id.* The Sixth Circuit thereafter has reiterated that the plaintiff's claim of damages does not require an absolute certainty of recovery; rather, it is sufficient if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount. *See Worthams v. Atlanta Life Ins. Co.*, 533 F.2d 994, 997-98 (6th Cir. 1976). Moreover, the Sixth Circuit has held that a punitive damages claim is included in assessing the amount in controversy, unless such damages are barred by the applicable state law. *Wood*, 473 F.2d 272 at 274.

6
Case 3:05-cv-00334   Document 22   Filed 07/25/06   Page 6 of 7   PageID #: 16

In summation, the Court finds that a reasonable jury could find that a punitive damages award is warranted; that a claim for a punitive damages award is included in assessing the amount in controversy; and that the plaintiff has sufficiently proven a "probability" of damages that meets or exceeds the jurisdictional requirement.

## V.     Conclusion

For the reasons hereinabove set forth, defendant's motion for summary judgment and dismissal [Doc.16] is **DENIED in its entirety**.  The parties will prepare the case for trial.

**IT IS SO ORDERED.**

ENTER:


s/Thomas W. Phillips
United States District Judge